

1  FRANK N. DARRAS #128904, Frank@DarrasLaw.com
2  SUSAN B. GRABARSKY #203004, SGrabarsky@DarrasLaw.com
   PHILLIP S. BATHER #273236, PBather@DarrasLaw.com
3  DarrasLaw
4  3257 East Guasti Road, Suite 300
   Ontario, California 91761-1227
5  Telephone:  (909) 390-3770
   Facsimile:   (909) 974-2121
6
7  Attorneys for Plaintiff PHYLLIS SAUNDERS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PHYLLIS SAUNDERS,<br><br>Plaintiff,<br><br>vs.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA<br><br>Defendant. | Case No:<br><br>COMPLAINT FOR BENEFITS UNDER AN EMPLOYEE WELFARE BENEFIT PLAN |

Plaintiff alleges as follows:

1. Plaintiff PHYLLIS SAUNDERS ("Plaintiff") brings this ERISA action against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL"), in its capacity as insurer and administrator of the Sedgwick Claims Management Services, Inc. Long Term Disability Plan (the "Plan"). Plaintiff brings this action to secure all disability benefits, whether they be described as long term, and/or waiver of premium claims, to which Plaintiff is entitled under a disability insurance policy underwritten and administered by PRUDENTIAL.

///

## JURISDICTION AND VENUE

2. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 1132(a), (e), (f), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1101, *et seq.* ("ERISA") as it involves a claim by Plaintiff for Disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331, as this action involves a federal question.

3. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1, provide a mechanism for administrative internal appeal of benefits denials. In this case, Plaintiff timely submitted an administrative appeal and such appeal has been denied.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. § 1391(b)(2), and the ends of justice so require.

## PARTIES

5. Plaintiff is informed and believes, and thereon alleges that the Sedgwick Claims Management Services, Inc. Long Term Disability Plan is an employee welfare benefit plan established and maintained by Sedgwick Claims Management Services, Inc. to provide its employees and those of its subsidiaries and affiliates, including Plaintiff, PHYLLIS SAUNDERS, with income protection in the event of a disability, and is the Plan Administrator.

6. Plaintiff alleges upon information and belief that Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, authorized to transact and transacting the business of insurance in this state, and, the insurer and Claims Administrator for the Plan.

7. Plaintiff further alleges that venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) in that Defendant PRUDENTIAL, which fully insured the policy and

which is ultimately liable if Plaintiff is found disabled, may be found in this district. Since on or about May 13, 1901, PRUDENTIAL has been registered as a corporation with the state of California, has extensive contacts within the state, employs California residents, conducts ongoing business within the state and therefore, may be found within the state.

8. At all relevant times Plaintiff was a resident of Riverside County, a citizen of the state of California, an employee of Sedgwick Claims Management Services, Inc., its successors, affiliates and/or subsidiaries, and a participant in the Plan.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

9. At all relevant times Plaintiff was covered under group disability policy number G-51759-TN (the "Policy") that had been issued by PRUDENTIAL to Sedgwick Claims Management Services, Inc., to insure its Plan, and the eligible participants and beneficiaries of the Plan, including Plaintiff.

10. At all relevant times, Plaintiff has been a participant within the meaning of Section 3(7) of ERISA, 29 U.S.C. § 1002(7), in the Plan.

11. At all relevant times, PRUDENTIAL has been the claims administrator of the Policy within the meaning of Section 3(16)(A) of ERISA, 29 U.S.C. § 1002(16)(A).

12. At all relevant times, PRUDENTIAL has been a fiduciary within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

13. PRUDENTIAL has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan. Under its fiduciary duty, PRUDENTIAL is required to take active steps to reduce bias and ensure claims are conducted in a manner that is consistent with the interests of the Plaintiff and other participants and beneficiaries of the Plan.

14. Under the terms of the Policy, PRUDENTIAL administered the Plan and retained the sole authority to grant or deny benefits to applicants.

15. Because PRUDENTIAL both funds and decides whether claimants will receive monthly long term disability benefits under the Plan, PRUDENTIAL suffers from a structural conflict of interest which warrants additional skepticism.

## STANDARD OF REVIEW

16. In ERISA cases, the de novo standard of review applies "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan confers discretionary authority, then the standard of review shifts to abuse of discretion. *Id.*

17. In order for the Plan Administrator's decisions to be reviewed by this Court under an abuse of discretion standard and not a de novo standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

18. Plaintiff alleges that the Plan fails to properly give PRUDENTIAL discretion under the Policy.

19. Further, when the Plan Administrator violates the Department of Labor regulations, it effectively forfeits its discretionary authority.

20. When denying a claim for benefits, a plan's failure to comply with the Department of Labor's claims-procedure regulation, 29 C.F.R. § 2560.503–1, will result in that claim being reviewed de novo in federal court.

21. PRUDENTIAL committed the following violations demonstrating its failure furnish a full and fair review:

    i. Inadequate notice of reasons for denial, 29 C.F.R. § 2560.503-1(g)(1)(i);

    ii. Inadequate notice of the information needed to perfect Plaintiff's appeal, 29 C.F.R. § 2560.503-1(g)(1)(iii);

    iii. Failure to follow PRUDENTIAL'S own claims procedures, 29 C.F.R. § 2560.503-1(b);

    iv. Failure to adopt guidelines to ensure that similarly situated claims are administered correctly and consistently, 29 C.F.R. § 2560.503-1(b)(5);

    v. Failure to administrative Plaintiff's claim consistently, 29 C.F.R. §

2560.503-1(b)(5);

vi. Failure to provide requested relevant documents timely, 29 C.F.R. § 2560.503-1(h)(2)(iii);

vii. Failure to describe the guidelines and protocols relied upon, 29 C.F.R. § 2560.503-1(g)(1)(v) and 29 C.F.R. § 2560.503-1(j)(5);

viii. Failure to obtain the review of appropriate medical professionals, 29 C.F.R. § 2560.503-1(h)(3)(iii);

ix. Failure to obtain an appeal review by a different, non-subordinate medical professional, 29 C.F.R. § 2560.503-1(h)(3)(v);

x. Failure to obtain an appeal review that does not defer to the prior determination, 29 C.F.R. § 2560.503-1(h)(3)(iii);

xi. Failure to obtain an appeal review that is conducted by a different non-subordinate individual, 29 C.F.R. § 2560.503-1(h)(3)(iii);

xii. Failure to give a claimant an opportunity to refute the report of a reviewing physician obtained during the appeal review, 29 C.F.R. § 2560.503-1(h)(4); and

xiii. Failure to take into account all comments, documents, records, and other information submitted to the claimant or by the claimant relating to the claim, 29 C.F.R. § 2560.503-1(h)(2)(iv).

22. PRUDENTIAL'S violations of the regulations were not inadvertent or harmless. Plaintiff contends that because PRUDENTIAL failed to furnish a full and fair review, PRUDENTIAL has relinquished its discretionary authority under the Plan.

## ADMINISTRATIVE APPEAL

23. Plaintiff is a Claims Supervisor previously employed by Sedgwick Claims Management Services, Inc.

24. Due to Plaintiff's disabling conditions, Plaintiff ceased actively working and became disabled under the terms of the Plan on May 18, 2021.

25. Plaintiff filed for long term disability benefits through the Plan, which are

insured and administered by PRUDENTIAL. Long Term Disability benefits were denied with no benefits paid.

26. The Plan defines "Disability" in pertinent part as follows:

*"You are disabled when Prudential determines that:*

*-you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;*
*-you are under the regular care of a doctor; and*
*-you have a 20% or more loss in your monthly earnings due to that sickness or injury.*

*After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*

*-you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and*
*-you are under the regular care of a doctor.*

27. On October 28, 2021, PRUDENTIAL denied Plaintiff's long term disability benefits.

28. PRUDENTIAL'S termination letter said, "We determined you should have the ability to perform your sedentary occupation." Plaintiff was provided 180 days to appeal this decision.

29. PRUDENTIAL'S termination letter failed to consider Plaintiff's restrictions, limitations, and inability to perform necessary vocational requirements of her own or any occupation due to her medical conditions.

30. On April 21, 2022, Plaintiff, through counsel, pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

31. Plaintiff, through counsel, timely perfected her administrative appeal pursuant to the Plan by sending letter requesting same to the PRUDENTIAL.

32. Plaintiff, through counsel, submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the terms of the Plan.

33. PRUDENTIAL denied Plaintiff's claim based on the opinions of paid consultants who conducted paper reviews, without ever having examined Plaintiff.

34. PRUDENTIAL'S paper reviews of Plaintiff's file are unreliable and unreasonable as a basis for denial because:

    a. The reviewers' opinions were infected by conflict and bias;

    b. The reviewers' conclusions lack foundation and are conclusory;

    c. The reviewers failed to consider the degenerative nature of Plaintiff's condition(s) and the lack of significant improvement;

    d. The reviewers lacked appropriate qualifications to comment on Plaintiff's conditions;

    e. The reviewers never examined Plaintiff in-person, which is particularly relevant, given the complexity of Plaintiff's conditions and treatment;

    f. The reviewers failed to consider all relevant information, including Plaintiff's relevant own occupational demands;

    g. The reviewers failed to acknowledge that medications neither effectively resolved her pain nor were appropriate for long-term treatment of Plaintiff;

    h. The reviewers based their opinions on a summary reports of other underqualified opinions; and

    i. The reviewers' conclusions were inconsistent with the weight of the evidence.

35. Thereafter, by letter dated September 8, 2022, PRUDENTIAL notified Plaintiff that PRUDENTIAL upheld its original decision to deny Plaintiff's claim for long term disability benefits.

36. PRUDENTIAL, in its appeal denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

///

**MEDICAL FACTS**

37. Plaintiff was placed on disability due to her severe hip pain as well as her depression and anxiety.

38. Plaintiff's treating physicians document continued chronic pain and her need to undergo hip replacement surgery.

39. Plaintiff underwent a Functional Capacity Evaluation which was provided to PRUDENTIAL on appeal that confirmed her inability to perform a Sedentary occupation.

40. Plaintiff's multiple disorders have resulted in restrictions in activity, and have significantly curtailed her ability to engage in any form of exertional activity.

41. Physicians have prescribed Plaintiff with multiple medications in an effort to address her pain; however, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

42. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence, and concentration required to maintain competitive employment on a full-time basis, meaning an eight-hour day, day after day, week after week, month after month.

43. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

44. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan. However, after appealing the initial denial, PRUDENTIAL persists in denying Plaintiff her rightfully owed disability benefits.

**PRUDENTIAL'S CONFLICT OF INTEREST**

45. Based upon the substantial medical evidence in the possession of PRUDENTIAL at the time of the denial, its decision to deny disability insurance benefits was wrongful and contrary to the terms of the Plan.

46. At all relevant times, PRUDENTIAL has been operating under an inherent and structural conflict of interest as PRUDENTIAL is liable for benefit payments due to Plaintiff and each payment depletes PRUDENTIAL'S assets.

47. PRUDENTIAL'S determination was influenced by its conflict of interest.

48. PRUDENTIAL'S reviewing experts are not impartial.

49. Upon information and belief, PRUDENTIAL'S peer reviewers have conducted reviews in connection with numerous other individuals insured by PRUDENTIAL.

50. PRUDENTIAL knows, or has reason to know, that its in-house medical consultants and the medical consultants hired and/or retained to complete file reviews serve only insurance companies and never individual claimants.

51. Upon information and belief, PRUDENTIAL pays substantial sums of money to its medical consultants, whether in-house or independent contractors, to conduct reviews for claimants under PRUDENTIAL'S plans.

52. Upon information and belief, PRUDENTIAL'S reviewing experts receive financial incentive to proffer opinions aiding in PRUDENTIAL'S denial of claims.

53. PRUDENTIAL has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

54. Additionally, ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, 29 U.S.C. § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," *Firestone Tire & Rubber Co. v. Bruch,* 489 U. S. 101, 113 (1989) (quoting 29 U.S.C. § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see 29 U.S.C. § 1132(a)(1)(B).

55. As a direct and proximate result of PRUDENTIAL'S failure to provide

Plaintiff with Plan benefits, Plaintiff has been deprived of said Plan benefits beginning on or about November 15, 2021, to the present date.

56. As a further direct and proximate result of the denial of benefits, Plaintiff has incurred attorney fees to pursue this action, and is entitled to have such fees paid by PRUDENTIAL pursuant to 29 U.S.C. § 1132(g)(1), ERISA § 502(g)(1).

57. A controversy now exists between the parties as to whether Plaintiff is disabled as defined in the Plan. Plaintiff seeks the declaration of this Court that she meets the Plan definition of disability, was, and is, eligible for coverage, and consequently she is entitled to all benefits from the Plan to which she might be entitled while receiving disability benefits, with reimbursement of all expenses and premiums paid for such benefits from the termination of benefits to the present. In the alternative, Plaintiff seeks a remand for a determination of Plaintiff's claims consistent with the terms of the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against PRUDENTIAL as follows:

1. An award of benefits in the amount not paid Plaintiff beginning on or about November 15, 2021, together with interest at the legal rate on each monthly payment from the date it became due until the date it is paid; plus all other benefits from the Plan to which she might be entitled while receiving disability benefits including, but not limited to, any medical, vision, and dental benefits, life insurance and pension, with reimbursement of all expenses and premiums paid for such benefits or, in the alternative, a remand for a determination of Plaintiff's claim consistent with the terms of the Plan;

2. An order determining Plaintiff was, and is, eligible for coverage, and is entitled to future Plan benefits so long as she remains disabled as defined in the Plan;

3. For reasonable attorney fees incurred in this action; and,

/ / /

/ / /

4. For such other and further relief as the Court deems just and proper.

Dated: October 12, 2022

**DarrasLaw**

_____
FRANK N. DARRAS
SUSAN B. GRABARSKY
PHILLIP S. BATHER
Attorneys for Plaintiff